**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| MODERN COBBLER SHOPS, INC. d/b/a | ) | |
| RANDHURST SHOE REPAIR, and | ) | Magistrate Judge |
| GREGORY P. GEORGE, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Jose Ramirez, by and through his attorneys, for his Complaint against Defendants Modern Cobbler Shops, Inc. d/b/a Randhurst Shoe Repair, and Gregory P. George, individually, (hereinafter, collectively "Defendants") states as follows:

**INTRODUCTION**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks in violation of the FLSA and the IMWL.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES**

**A.     Plaintiff**

4.     During the course of his employment, Plaintiff Jose Ramirez:

    a.     has handled goods that move in interstate commerce;

    b.     was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS 105/3; and

    c.     Resides in and is domiciled in this judicial district.

**B.     Defendants**

5.     Within the relevant time period, Defendants have operated their shoe repair business and have done business as Randhurst Shoe Repair within this judicial district.

6.     Within the relevant time period, Defendant Modern Cobbler Shops, Inc. d/b/a Randhurst Shoe Repair:

    a.     has been a corporation organized under the laws of the State of Illinois;

    b.     has conducted business in Illinois and within this judicial district;

    c.     has done business as Randhurst Shoe Repair within this judicial district;

    d.     has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    e.      has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f.      was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

7.     Within the relevant time period, Defendant Gregory P. George:

    a.      has been the owner and operator of Defendant Modern Cobbler Shops, Inc. d/b/a Randhurst Shoe Repair;

    b.      among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c.      operates within this judicial district and within the state of Illinois; and

    d.      was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

**FACTUAL BACKGROUND**

8.     Defendant Gregory P. George owns and operates Randhurst Shoe Repair, his shoe repair business, located on 1 E. Campbell Street in Arlington Heights, Illinois.

9.     Since approximately October 10, 2009 until approximately August 25, 2016, Plaintiff was employed by Defendants to work at Defendants' shoe repair business.

10.     Throughout his employment with Defendants, Plaintiff was paid at an hourly rate in both payroll check and cash every two weeks.

11. Within the three (3) years prior to Plaintiff this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual work weeks, but paid him at his straight time rate for all hours worked and did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual work weeks. For example:

       a. Plaintiff was compensated by Defendants for forty (40) hours in individual work weeks in payroll checks at his regular rate of pay and was compensated for all hours in excess of forty (40) in individual work weeks in cash at his regular, or straight time, rate of pay.

12. Within the three (3) years prior to Plaintiff filing this Complaint, Defendants failed to pay Plaintiff at one and a half his regular rate of pay for all hours worked in excess of forty (40) in individual work weeks at Randhurst Shoe Repair.

13. Defendants' failure to compensate Plaintiff at time and a half his regular rate resulted in violations of the overtime requirements of the FLSA and the IMWL.

**COUNT I**
**Violation of the FLSA – Overtime Wages**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 13 as though set forth herein.

14. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraph 11-13, *supra.*

15. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

16. Plaintiff was not exempt from the overtime provisions of the FLSA.

4

17.     Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

18.     Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

19.     Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

20.     Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

B.     Liquidated damages in the amount equal to the unpaid overtime wages;

C.     That the Court declare that Defendants violated the FLSA;

D.     That the Court enjoin Defendants from violating the FLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the IMWL – Overtime Wages**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 20 as though set forth herein.

21.     This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 11-13, *supra*.

22.     Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

23.     Plaintiff was not exempt from the overtime provisions of the IMWL.

24.     Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

25.     Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

26.     Defendants' failure to pay Plaintiff overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

27.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks as provided by the IMWL;

B.     Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     That the Court declare that Defendants have violated the IMWL;

D.     That the Court enjoin Defendants from violating the IMWL;

E.     Reasonable attorneys' fees and costs as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: September 30, 2016

s/Lydia Colunga-Merchant
Lydia Colunga-Merchant
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, Illinois 60602
(312) 795-9115

Attorney for Plaintiff