# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSE RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 9409 |
| | ) | |
| MODERN COBLER SHOPS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted, and the court dismisses the state law claims without prejudice.


## BACKGROUND

From 2009 until August 2016, Plaintiff Jose Ramirez (Ramirez) allegedly worked for Defendant Modern Cobbler Shops, Inc. (MCS). Ramirez contends that he was not properly paid for overtime. Ramirez includes in his complaint claims brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* (Count I), and claims brought under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* (Count II). Defendants now move for summary judgment on the FLSA claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. FLSA Claims

Defendants argue that Ramirez has not pointed to sufficient evidence to establish coverage by the FLSA. A plaintiff may pursue a FLSA claim if either the

employer is a covered enterprise, or the plaintiff is individually covered by the FLSA. *Wolfe v. SL Mgmt. Servs. LLC*, 2016 WL 2588170, at *1 (E.D. Wis. 2016)(indicating that there can be enterprise or individual FLSA coverage); *Torres v. Pallets 4 Less, Inc.*, 2015 WL 920782, at *2 (N.D. Ill. 2015)(stating that "a plaintiff must plead either that she is an employee who is engaged in commerce (individual-based coverage) or that her employer is an enterprise engaged in commerce (enterprise-based coverage)").

### A. Enterprise Coverage

Defendants argue that MCS is not a covered enterprise under the FLSA. In order to show that an employer is a covered enterprise under the FLSA, a plaintiff must show, among other things, that the employer's "annual gross volumes of sales made or business done is not less than $500,000." *Torres*, 2015 WL 920782, at *2 (internal quotations omitted)(quoting 29 U.S.C. § 203(s)(1)(A)(i-ii))(explaining that "[i]f enterprise coverage applies, all of the enterprise's employees are protected under the FLSA, even if they are not personally involved in interstate commerce")(quoting *Rivera v. Heights Landscaping, Inc.*, 2004 WL 434214, at *1 (N.D. Ill. 2004)). Defendants contend, and Ramirez does not dispute, that MCS never grossed $500,000 or more in total sales during any calendar years of 2013, 2014, 2015, or 2016. (RSF Par. 5); (Resp. SJ 3). Ramirez fails to point to any evidence that would show that MCS is an enterprise covered by the FLSA.

B. Individual Coverage

Defendants argue that Ramirez is not individually covered under FLSA. A plaintiff can be covered individually under the FLSA if the plaintiff "was engaged in commerce," which involves a consideration of "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Jacoby v. Schimka Auto Wreckers, Inc.*, 2010 WL 3171515, at *3 (N.D. Ill. 2010)(internal quotations omitted)(quoting *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955)).

Ramirez has not pointed to any evidence that shows that MCS had any customers outside the state of Illinois during the relevant time period. (RSF Par. 5-8). In response to the instant motion, Ramirez attempts to raise various new facts that he contends show that he was directly involved in interstate commerce. For example, Ramirez now claims that he assisted customers, acted as a cashier, dealt with credit card transactions, and accepted mailings or deliveries for MCS. The court notes that Defendants claim to have ample evidence showing that such assertions are utterly false. The record reflects that Ramirez failed to present Defendants with such allegations during discovery. Defendants contend, and Ramirez does not dispute, that in response to Defendants' interrogatory asking for all facts that would show that there was individual FLSA coverage, Ramirez stated only the following:

4

[A]s a shoe repairman, he handled goods and materials, including but not limited to, leather goods, shoe soles, metal snaps/buttons/chains, and zippers, which were ordered directly from out-of-state vendors, in order to perform his job duties and responsibilities and to complete orders for Defendants' clients and customers . . . .

(SJ Mem. 9-10); (Reply 1). There is no mention in the interrogatory response of Ramirez helping customers, acting as a cashier, handling credit card transactions, or accepting mail or deliveries. Defendants contend that had they known such allegations, they would have deposed Ramirez in regard to such allegations. Defendants would be prejudiced if Ramirez were allowed to present such new factual allegations at this juncture. Defendants would also be prejudiced if any further discovery were allowed at this juncture. Ramirez has not pointed to any controlling precedent that would create individual FLSA coverage for him simply because he worked as a shoe repairman and handled materials that came from sources outside of Illinois. Ramirez has failed to point to sufficient evidence to show that a reasonable trier of fact could conclude that there is individual FLSA coverage. Therefore, Defendants' motion for summary judgment on the FLSA claims is granted.

II. Remaining State Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court

has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion for summary judgment is granted and the remaining state law claims are dismissed without prejudice.

_Samuel Der-Yeghiayan_
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 30, 2017